| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| <u>Southern District of Texas</u><br>(State) |
| Case number (*If known*): _____   Chapter <u>11</u> |

☐ Check if this is an amended filing

# Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**   Gladieux Metals Recycling, LLC

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**   82 -1096057

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| <u>302</u>        <u>Midway Road</u><br>Number      Street | <u>302</u>        <u>Midway Road</u><br>Number      Street |
| | <u>2290</u><br>P.O. Box |
| <u>Freeport</u>   <u>Texas</u>   <u>77542</u><br>City   State   ZIP Code | <u>Freeport</u>   <u>Texas</u>   <u>77542</u><br>City   State   ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| | Number   Street |
| <u>Brazoria</u><br>County | City   State   ZIP Code |

**5. Debtor's website (URL)**   https://aleonmetals.com/

**6. Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

---

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   page 1

Debtor  Gladieux Metals Recycling, LLC _____   Case number _____

| | |
|---|---|
| **7. Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☒ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br><br>3 3 9 9 |
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11. *Check all that apply*:<br>    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).<br>    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.<br>    ☐ A plan is being filed with this petition.<br>    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br><br>If more than 2 cases, attach a separate list. | ☒ No<br>☐ Yes. District _____ When _____ Case number _____<br>                                  MM / DD / YYYY<br>        District _____ When _____ Case number _____<br>                                  MM / DD / YYYY |
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No<br>☒ Yes. Debtor  See Schedule 1   Relationship  See Schedule 1 |

Debtor  Gladieux Metals Recycling, LLC_____   Case number _____

|  | List all cases. If more than 1, attach a separate list. | District  Southern District of Texas | When | 08/17/2025 |
|---|---|---|---|---|
|  |  |  |  | MM / DD / YYYY |
|  |  | Case number, if known: No. 25-90305 |  |  |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard?_____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other_____

**Where is the property?** _____
                                Number      Street

_____

_____  _____  _____
City                                   State      ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____
         Contact name       _____
         Phone              _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49              ☐ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99             ☐ 5,001-10,000       ☐ 50,001-100,000
☐ 100-199           ☐ 10,001-25,000      ☐ More than 100,000
☒ 200-999

**15. Estimated assets**

☐ $0-$50,000              ☐ $1,000,001-$10 million        ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☒ $100,000,001-$500 million     ☐ More than $50 billion

---

Official Form 201                 Voluntary Petition for Non-Individuals Filing for Bankruptcy                 page 3

Debtor  Gladieux Metals Recycling, LLC_____   Case number _____

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

**■ Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  08/17/2025_____
         MM / DD / YYYY

✗ /s/ Roy Gallagher_____        Roy Gallagher_____
   Signature of authorized representative of debtor    Printed name

   Title  Chief Restructuring Officer_____

**18. Signature of attorney**

✗ /s/ Jason L. Boland_____        Date   08/17/2025_____
   Signature of attorney for debtor                 MM / DD / YYYY

Jason L. Boland_____
Printed name

Norton Rose Fulbright US LLP_____
Firm name

1550 Lamar St. Suite 2000_____
Number      Street

Houston_____        TX_____   77010_____
City                     State       ZIP Code

713-651-5151_____        jason.boland@nortonrosefulbright.com_____
Contact phone                  Email address

24040542_____        Texas_____
Bar number                 State

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   page 4

**Schedule 1**

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "Court").  A motion will be filed with the Court requesting the chapter 11 case of each entity listed below be consolidated for procedural purposes only and jointly administered under the case number assigned to the chapter 11 case of Aleon Metals, LLC.

| COMPANY |
| --- |
| Aleon Metals, LLC |
| Aleon Renewable Metals, LLC |
| Gladieux Metals Recycling, LLC |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| ALEON METALS, LLC *et al.*,[1] | Case No. 25-90305 (CML) |
| Debtors. | (Joint Administration Requested) |

**LIST OF EQUITY SECURITY HOLDERS[2]**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Aleon Metals, LLC | 302 Midway Road, Freeport, TX 77542 | 100% |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Aleon Metals, LLC (1610); Aleon Renewable Metals, LLC (9215); and Gladieux Metals Recycling, LLC (6057). The location of the Debtors' service address is: P.O. Box 2290, 302 Midway Road, Freeport, TX 77542.

[2] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 cases.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| ALEON METALS, LLC *et al.*,[1] | Case No. 25-90305 (CML) |
| Debtors. | (Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Aleon Metals, LLC | 100% (Direct) |
| Gladieux Metals, LLC | 72.6% (Indirect) |
| ARM Investments LLC | 27.4% (Indirect) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Aleon Metals, LLC (1610); Aleon Renewable Metals, LLC (9215); and Gladieux Metals Recycling, LLC (6057). The location of the Debtors' service address is: P.O. Box 2290, 302 Midway Road, Freeport, TX 77542.

Debtor name   Gladieux Metals Recycling, LLC

United States Bankruptcy Court for the Southern District of Texas

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | HOOVER FERGUSON  4935 Timbercreek Drive  Houston, TX 77017 | Denise Rogers  (713)725-4282  Denise.Rogers@hooversolutions.com | Trade | D | | | 2,142,366 |
| 2 | Constellation New Energy  1001 LOUISIANA ST,  STE 2300  HOUSTON, TX 77002 | Nancy Fischer  (888)635-0827  CustomerCareTX@constellation.com | Trade | | | | 1,216,211 |
| 3 | Cenovus Energy Inc.  225 - 6 AVE SW  Calgary, AB T2P 0M5 CANADA | Jaclyn Bexson  4037662000  jaclyn.bexson@cenovus.com | Trade | | | | 950,385 |
| 4 | REAGENT CHEMICAL & RESEARCH, LLC  115 US Highway 202 South  Ringoes, NJ 08551 | Nicki Roccaforte  (800)231-1807  nroccaforte@reagentchemical.com | Trade | | | | 775,723 |
| 5 | Hatch Associates Consultants  375 N Shore Dr.  Pittsburgh, PA 15212 | Rob Fraser  412-497-2000  rob.fraser@hatch.com | Professional Services | | | | 356,214 |
| 6 | Energy Rental Solutions, LLC  4300 Rice Drier  Pearland, TX 77581 | Sandra Bourque  (877)291-3354  sandra.bourque@ers-cat.com | Trade | | | | 316,778 |
| 7 | FLO-BIN CCKX, INC  PO Box 752407  Houston, TX 77275 | Angela Mangum  (832)224-9073  (832)224-4319  angela.mangum@flobin.com | Trade | D | | | 276,006 |
| 8 | Evonik Corporation  2 Turner Corporation  Piscataway, NJ 08854 | Siboney Vargas-Rodriguez  (337)837-3403  siboney.vargas-rodriguez@evonik.com | Trade | | | | 263,771 |

Debtor    Gladieux Metals Recycling,LLC                    Case number _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | GLC Advisors  600 Lexington Ave  Fl 9  New York, NY 10022 | Michael Kizer  (212)600-2408  michael.kizer@glca.com | Professional Services | CU | | | Undetermined |
| 10 | PLANTE & MORAN PLLC  250 HIGH STREET  SUITE 500  Columbus, OH 43215 | Keith S. Martinez  (231)932-5656  (248)233-9183  plantemoran@myworkday.com | Professional Services | | | | 216,728 |
| 11 | GULF COAST FILTERS & SUPPLY INC  1126 N Hwy 146  Baytown, TX 77520 | Chad Beck  (281)837-8808  (281)837-8810  cbeck@gcfilters.com | Trade | | | | 214,951 |
| 12 | Kline Alvarado Veio, P.C.  1775 Sherman Street  Suite 1790  Denver, CO 80203 | T. J. Mancuso  (303)246-0742  tjmancuso@kvfirm.com | Professional Services | | | | 183,100 |
| 13 | National Tank & Equipment, LLC  500 W 5th Street  Suite 750  Austin, TX 78701 | Dana Stephenson  (888)213-7950  dstephenson@4hornmgmt.com | Trade | | | | 178,024 |
| 14 | SGS Canada Inc.  185 Concession Street  Lakefield, ON K0L 1H0 Canada | Roxanne Naidoo  roxanne.naidoo@sgs.com | Trade | | | | 167,272 |
| 15 | Briggs Industrial Solution  10540 N Stemmons Fwy  Dallas, TX 75220 | Mark Brammer  (346)547-9196  mark.brammer@briggsequipment.com | Trade | | | | 149,971 |
| 16 | Eurecat  13100 Baypark Rd  Pasadena, TX 77507 | Marilyn Warren  (281)218-0669  mwarren@eurecat.com | Trade | | | | 146,291 |
| 17 | H&E Equipment Services  603 COUNTY RD 227A  Freeport, TX 77541 | Sierra Taylor  (979)705-7222  sierra.taylor@hercrentals.com | Trade | | | | 126,734 |
| 18 | AVS Industrial LLC  102 S Avenue A  Freeport, TX 77541 | Marisa Villanueva  (832)439-1235  marisa@avsservices.com | Trade | | | | 126,548 |
| 19 | Olin Finance Company LLC  190 Carondelet Plaza  Suite 1530  Clayton, MO 63105 | Christine Lade  (832)302-6278  CLade@olin.com | Trade | | | | 125,497 |
| 20 | WEAVER AND TIDWELL, LLP  2821 WEST 7TH ST  FORT WORTH, TX 76107 | Ariel Bonno  (817)882-7740  ariel.bonno@weaver.com | Professional Services | CU | | | Undetermined |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims    page 2

Debtor  Gladieux Metals Recycling,LLC                    Case number _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Ironclad Environmental Solutions<br>1650 East Freeway<br>Baytown, TX 77521 | Abby Goff<br>(281)573-0318<br>AGoff@IroncladEnvironmental.com | Trade | | | | 119,605 |
| 22 | DACON CORPORATION<br>1300 Underwood Rd.<br>Deer Park, TX 77536 | Jake Sparks<br>(713)558-6642<br>Jake.Sparks@dashiell.com | Trade | | | | 112,731 |
| 23 | KCG Industrial LLC<br>215 Flaglake Drive<br>Clute, TX 77531 | Craig Kaspar<br>(979)266-9441<br>craigk@kcgindustrial.com | Trade | | | | 109,475 |
| 24 | Brock Services, LLC<br>431 Commerce<br>CLUTE, TX 77531 | Petra Becerra<br>(979)265-9599<br>(979)265-9094<br>Petra.Becerra@brockgroup.com | Trade | | | | 104,101 |
| 25 | GFL Environmental / GFL Plant<br>2199 N. Business Hwy 77<br>Robstown, TX 78380 | Varsha Rao<br>(361)387-4180<br>vrao@gflenv.com | Trade | | | | 92,022 |
| 26 | CLEAR WATER FIELD SERVICES LLC<br>812 EAST PASADENA FREEWAY<br>PASADENA, TX 77506 | D. Zavala<br>(713)485-0101<br>dzavala@integrativeindustry.com | Trade | | | | 82,879 |
| 27 | Field Service Specialists, LLC<br>6049 South Loop E<br>Suite 6049<br>Houston, TX 77033 | Oscar Tamez<br>(832)416-0020<br>accounting@fssoftx.com | Trade | | | | 77,714 |
| 28 | Austin Fire Systems, LLC<br>13580 Eads Rd<br>Prairieville, LA 70769 | Nicole Boyle<br>(979)803-3479<br>nicole.boyle@stopfire.com | Trade | | | | 74,803 |
| 29 | Industrial Kiln & Dryer Group<br>12711 Townepark Way<br>Louisville, KY 40243 | Sarah Lee<br>(502)244-4031<br>(502)244-4024<br>sarahlee@industrialkiln.com | Trade | | | | 65,951 |
| 30 | DHA Filter<br>36 Knight Boxx Rd<br>Orange Park, FL 32065 | Robbie Furler<br>(904)269-8701<br>robbie@dhafilter.com | Trade | | | | 52,744 |

| Fill in this information to identify the case: |
|---|
| Debtor name: Gladieux Metals Recycling, LLC |
| United States Bankruptcy Court for the: Southern District of Texas (State) |
| Case number (If known): _____ |

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration ____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 08/17/2025
MM / DD / YYYY

X /s/ Roy Gallagher
Signature of individual signing on behalf of debtor

Roy Gallagher
Printed name

Chief Restructuring Officer
Position or relationship to debtor

**OMNIBUS WRITTEN CONSENT OF
THE INDEPENDENT MANAGER OF EACH OF
ALEON METALS, LLC,
ALEON RENEWABLE METALS, LLC, AND
GLADIEUX METALS RECYCLING, LLC**

August 17, 2025

The undersigned (the "*Independent Manager*"), being the Independent Manager of each of Aleon Metals, LLC, a Texas limited liability company ("*Aleon*"), Aleon Renewable Metals, LLC, a Delaware limited liability company ("*ARM*"), and Gladieux Metals Recycling, LLC, a Texas limited liability company ("*GMR*" and, together with Aleon and ARM, the "*Companies*" and, each, a "*Company*"), hereby takes the following actions and adopts the following resolutions by written consent (the "*Resolutions*"), pursuant to the Amended & Restated Operating Agreement of Aleon, dated as of April 28, 2025 (the "*Aleon Operating Agreement*"), the Amended & Restated Operating Agreement of ARM, dated as of April 28, 2025 (the "*ARM Operating Agreement*"), and the Third Amended & Restated Operating Agreement of GMR, dated as of April 28, 2025 (the "*GMR Operating Agreement*" and, together with the Aleon Operating Agreement and ARM Operating Agreement, the "*Operating Agreements*" and, each, an "*Operating Agreement*"), as applicable, and the Delaware Limited Liability Company Act or Texas Business Organizations Code, as applicable:

**WHEREAS**, the Independent Manager, along with its legal and financial advisors, has considered the liquidity, financial and operational condition, including capital resources, and sources and uses of cash, of each Company and its affiliates and its current lending arrangements in respect to meeting each Company's short-term liquidity needs;

**WHEREAS**, the Independent Manager has reviewed the historical performance and results of each Company, the market in which each Company operates, its current, short-term and long-term future liquidity needs, its business prospects and its current and long-term liabilities;

**WHEREAS**, the Independent Manager has reviewed the materials presented by each Company's financial, operative, legal and other advisors and has engaged in numerous and extensive discussions (including, without limitation, with its management and such advisors) regarding, and has had the opportunity to fully consider, each Company's financial condition, including its capital resources and uses of cash, liabilities and liquidity position, the strategic alternatives available to it, the impact of the foregoing on each Company's business and operations and the advisability of entering into restructuring arrangements;

**WHEREAS**, in accordance with each Operating Agreement, the Independent Manager has the authority to analyze, in consultation with each Company's management and financial and legal advisors, a refinancing, restructuring, reorganization, recapitalization or other similar strategic transaction or series of transactions involving such Company and its affiliates (a "*Restructuring Transaction*"), and to take all necessary steps to implement any such Restructuring Transaction that the Independent Manager may deem to be in the best interests of such Company, including entering into documents and instruments in respect thereof and causing each Company to perform the requirements thereunder;

**WHEREAS**, in accordance with each Operating Agreement, the Independent Manager additionally has the authority to (a) cause each Company to employ and retain legal counsel, accountants and financial advisors and other professionals to assist in analyzing and carrying out the Restructuring Transactions and (b) authorize all actions related to a Restructuring Transaction, which may include (i) the sale, exchange or other disposition of any assets of such Company or affiliate thereof, (ii) filing a petition

under title 11 of the United States Code (the "**Bankruptcy Code**") with respect to such Company, (iii) commencing or otherwise exercising the rights of such Company with respect to any bankruptcy or other insolvency proceeding or other applicable law affecting the rights of creditors generally, and (iv) the evaluation or implementation of any transaction not in the ordinary course of business of such Company or any affiliate thereof at any time;

**WHEREAS**, the Independent Manager has extensively analyzed, in consultation with each Company's management, and financial and legal advisors, the alternatives available to each Company, and has determined that seeking relief under the provisions of the Bankruptcy Code by each Company presents the best opportunity for preserving and maximizing the value of the enterprise for the benefit of each Company and their respective creditors, employees, stakeholders and other interested parties;

**WHEREAS,** after consideration of all factors and information the Independent Manager deemed relevant, the Independent Manager deems it desirable for, fair to and in the best interests of each Company and their respective creditors, employees, stakeholders and other interested parties, that each Company file or cause to be filed a voluntary petition for relief under the provisions of Chapter 11 of the Bankruptcy Code (the "***Chapter 11 Cases***");

**WHEREAS**, certain of ARM's and GMR's prepetition bondholders have agreed to provide postpetition financing to the Companies pursuant to a debtor-in-possession financing agreement, on the terms and subject to the conditions set forth in a Superpriority Secured Debtor-in-Possession Credit Agreement (the "***DIP Credit Agreement***"), to be entered into by ARM and GMR, as borrowers (collectively, the "***Borrowers***"), Aleon, as guarantor, the lenders party thereto from time to time (collectively, the "***DIP Lenders***," and each, a "***DIP Lender***"), and UMB Bank, National Association, solely in its capacities as administrative and collateral agent (collectively, the "***DIP Agent***"), pursuant to which the DIP Lenders will provide (a) a $62,502,000 senior secured, superpriority debtor-in-possession new money term loan facility and (b) a roll-up facility, which will "roll up" the Prepetition Senior Bonds (as defined in the DIP Credit Agreement) of each DIP Lender or its designated affiliate(s) or member of the Bondholder Group (as defined in the DIP Credit Agreement) with respect to which a DIP Lender is acting as a fronting lender, in an aggregate principal amount of $125,004,000, into Roll-up Loans (as defined in the DIP Credit Agreement) on a basis of $2.00 for each $1.00 of New Money DIP Loan (as defined in the DIP Credit Agreement) made by such DIP Lender (collectively, the "***DIP Facilities***");

**WHEREAS**, the Independent Manager deems it is in each Company's best interest and each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "***Cash Collateral***"), the incurrence of the loans and other financial accommodations under the DIP Facilities and the occurrence and consummation of the financing transactions under the DIP Credit Agreement, together with any other agreements or documentation relating thereto (collectively, the "***DIP Documents***"), which are necessary and appropriate to the continued viability and maintenance of the business of each Company;

**WHEREAS**, the Independent Manager previously determined it is desirable that each Company and its advisors engage in a sales and marketing process to explore the sale of substantially all of each Company's assets;

**WHEREAS**, the Independent Manager has been presented with the proposed Asset Purchase Agreement (along with any ancillary documents relating thereto, the "***Stalking Horse Purchase Agreement***"), by and among each Company as sellers, and the purchaser entity, as buyer ("***Buyer***"), whereby Buyer has agreed to serve as "stalking horse" for a sale of substantially all of each Company's assets pursuant to section 363 of the Bankruptcy Code;

**WHEREAS**, Buyer's bid for the Companies' assets, as reflected in the Stalking Horse Purchase Agreement, will be subject to any higher or better bids submitted in accordance with bid procedures to be filed with, and an auction process supervised by, the Bankruptcy Court (as defined herein); and

**WHEREAS**, the Independent Manager deems it desirable for, fair to and in the best interests of each Company and their respective creditors, employees, stakeholders and other interested parties, that each Company agree to enter into the Stalking Horse Purchase Agreement, subject to any higher or better bids.

**COMMENCEMENT OF CHAPTER 11 CASES**

**NOW THEREFORE, BE IT RESOLVED** as follows:

**RESOLVED,** that the Independent Manager hereby determines that each Company shall file a petition seeking relief under the provisions of Chapter 11 of the Bankruptcy Code (the "***Petitions***") in the United States Bankruptcy Court for the Southern District of Texas (the "***Bankruptcy Court***"); and it is further

**RESOLVED**, that the Independent Manager hereby determines that the chief restructuring officer of each Company (the "***Authorized Officer***"), after obtaining advice from each Company's financial and legal advisors and obtaining relevant information from the responsible employees of each Company, is hereby authorized and directed, in the name and on behalf of each Company, to execute and verify the Petitions and any documents related thereto, and to cause the same to be filed in the Bankruptcy Court; and it is further

**RESOLVED**, that without limiting the generality of the foregoing, the Authorized Officer is hereby authorized and directed, in the name and on behalf of each Company, to execute one or more declarations and other documents relating to the Petitions, including without limitation an overview of each Company's business and support for each of the motions requested in connection with the Petitions, each in form and substance prepared and reviewed by each Company's financial and legal advisors and approved by such officer, the execution thereof by such officer to be conclusive evidence of such approval; and it is further

**RESOLVED**, that the Independent Manager hereby determines that the Authorized Officer is hereby authorized, in the name and on behalf of each Company, to employ and retain all assistance by legal counsel, accountants, financial advisors and other professionals in executing, verifying or filing the Petitions with a view to their successful prosecution.

**RETENTION OF PROFESSIONALS AND PAYMENT OF FEES AND EXPENSES**

**BE IT FURTHER RESOLVED**, that the Independent Manager hereby determines that the law firm of Morrison & Foerster LLP ("***Morrison & Foerster***") shall be employed as bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code in the Chapter 11 Cases, subject to the approval of the Bankruptcy Court; and in connection therewith, the Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of each Company, to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of Morrison & Foerster; and it is further

**RESOLVED**, that the Independent Manager hereby determines that the law firm of Norton Rose Fulbright US LLP ("***Norton Rose***") shall be employed as local bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code in the Chapter 11 Cases, subject to

approval of the Bankruptcy Court; and in connection therewith, the Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of each Company, to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of Norton Rose; and it is further

**RESOLVED**, that the Independent Manager hereby determines that (i) the firm of Ankura Consulting Group, LLC ("*Ankura*") shall be employed to provide restructuring and financial advisory services to each Company in the Chapter 11 Cases, subject to the approval of the Bankruptcy Court; (ii) in connection therewith, the Independent Manager shall, in accordance with each Operating Agreement, execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of Ankura; and (iii) for the avoidance of doubt, Roy Gallagher shall continue to serve as the chief restructuring officer of each Company; and it is further

**RESOLVED**, that the Independent Manager hereby determines that the firm of Jefferies LLC ("*Jefferies*") shall be employed to provide investment banking services to each Company in the Chapter 11 Cases, subject to the approval of the Bankruptcy Court; and, in connection therewith, the Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of each Company, to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of Jefferies; and it is further

**RESOLVED**, that the Independent Manager hereby determines that the firm of Stretto, Inc. ("*Stretto*") shall be employed as claims and noticing agent for each Company in the Chapter 11 Cases, subject to the approval of the Bankruptcy Court; and, in connection therewith, the Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of each Company, to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of Stretto; and it is further

**RESOLVED**, that the Authorized Officer is authorized, empowered, and directed, in the name and on behalf of each Company, to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**DIP DOCUMENTS AND ADEQUATE PROTECTION**

**BE IT FURTHER RESOLVED**, that the Independent Manager hereby authorizes and approves, in all respects, the entry of each Company into the DIP Credit Agreement and the DIP Documents, and the performance by each Company of its obligations thereunder; and it is further

**RESOLVED**, that the Authorized Officer is hereby authorized, directed and empowered, in the name and on behalf of each Company, to make, execute and deliver, either jointly or severally, any and all DIP Documents and any and all amendments, supplements, modifications, extensions, renewals, replacements and agreements, documents and instruments relating to the foregoing, with such changes, additions, and modifications thereto as the Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution or delivery thereof; and it is further

**RESOLVED**, that the forms, terms and provisions of the DIP Documents are hereby authorized and approved in all respects; and it is further

**RESOLVED**, that the Authorized Officer is hereby authorized, directed and empowered, in the name and on behalf of each Company to: (i) undertake any and all transactions contemplated by the DIP Documents, on substantially the terms and subject to the conditions set forth in the DIP Documents or as may hereafter be fixed or authorized by the Authorized Officer; (ii) borrow funds from the DIP Lenders in accordance with the DIP Documents; (iii) grant a security interest and continuing lien on substantially all of its assets to secure the obligations under the DIP Documents; (iv) in the case of Aleon, guarantee the Borrowers' obligations under the DIP Credit Agreement and the other DIP Documents (clauses (i) through (iv) collectively, the "*Financing Transactions*"); (v) execute and deliver and cause each Company to incur and perform its obligations under the DIP Documents and Financing Transactions; (vi) finalize the DIP Documents and Financing Transactions, consistent in all material respects with the drafts thereof that have been presented to or as may hereafter be fixed or authorized by the Authorized Officer; and (vii) pay related fees and grant security interests in and liens upon some, any or all of the assets of each Company, as may be deemed necessary by the Authorized Officer in connection with such Financing Transactions; and it is further

**RESOLVED**, that the Authorized Officer, for and on behalf of and in the name of each Company, in its own capacity and as a member or shareholder of its subsidiaries, is hereby authorized, directed and empowered, in the name and on behalf of each Company, to cause each Company to make, execute and deliver, from time to time, the note or notes of such Company, evidencing said loan or loans, extensions or renewals, and to sell, transfer, lease, assign, hypothecate, set over, otherwise transfer, grant security interests in, mortgage or pledge any or all of the property of such Company, real, personal, or mixed, tangible or intangible, now owned or hereafter acquired as security for the obligations under the DIP Documents; and it is further

**RESOLVED**, that the Authorized Officer is authorized and empowered to authorize the DIP Lenders or the DIP Agent, on behalf of the DIP Lenders, to file any Uniform Commercial Code ("*UCC*") financing statements, mortgages, notices, and any necessary assignments for security or other documents in the name of each Company that the DIP Lenders deem necessary or appropriate to perfect any lien or security interest granted under the DIP Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of such Company and such other filings in respect of intellectual and other property of such Company, in each case as the DIP Lenders may reasonably request to perfect the security interests granted under the DIP Documents; and it is further

**RESOLVED**, that the Authorized Officer is hereby authorized, directed and empowered, in the name and on behalf of each Company, to execute and deliver any and all instruments, papers and documents and to do all other acts that they may deem convenient or proper to effectuate the purpose and intent hereof; and it is further

**RESOLVED**, that the Independent Manager hereby determines that the consideration to be received for the approval, execution and delivery of the DIP Documents is deemed adequate, and that such approval, execution, delivery and performance is deemed valid; and it is further

**RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company is authorized to provide certain adequate protection to the Prepetition Secured Parties (as defined in the DIP Credit Agreement) (the "*Adequate Protection Obligations*"), as documented in a proposed interim order (any such order, the "*Interim DIP Order*"), which the Independent Manager has been presented with, and a proposed final order (any such order, the "*Final DIP Order*," and together with the Interim DIP Order, the "*DIP Orders*") described to each Company and submitted for approval to the Bankruptcy Court; and it is further

**RESOLVED**, that the form, terms, and provisions of the DIP Orders, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and the Authorized Officer is authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate, or cause to be prepared and negotiated, and to execute, deliver, perform, and cause the performance of, the DIP Orders and the DIP Documents, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on substantially the terms and subject to the conditions described to each Company, with such changes, additions, and modifications thereto as the Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution or delivery thereof; and it is further

**RESOLVED**, that each Company, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents and DIP Orders (collectively, the "*Adequate Protection Transactions*"); and it is further

**RESOLVED**, that the Authorized Officer be, and hereby is, authorized and empowered in the name of, and on behalf of, each Company, to take such actions as in their discretion as determined to be necessary, appropriate, or advisable and execute any documents related to the Adequate Protection Transactions, including delivery of: (i) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "*Adequate Protection Documents*"); (ii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Prepetition Secured Parties; and (iii) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents, the DIP Orders, or any other Adequate Protection Documents; and it is further

**RESOLVED**, that the Authorized Officer be, and hereby is, authorized and empowered in the name of, and on behalf of, each Company, to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of such Company in connection with these Resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, appropriate, or advisable to perform any obligations of such Company, under or in connection with the DIP Orders or any of the other Adequate Protection Documents and the transactions contemplated thereby and to carry out fully the intent of these Resolutions.

**THE STALKING HORSE PURCHASE AGREEMENT AND SALE**

**BE IT FURTHER RESOLVED**, that the Authorized Officer is hereby authorized, directed and empowered, in the name and on behalf of each Company, to make, execute and deliver, either jointly or severally, the Stalking Horse Purchase Agreement and any and all amendments, supplements, modifications, extensions, renewals, replacements and agreements, documents and instruments relating to the foregoing, subject to any higher or better offers received in accordance with a Bankruptcy Court supervised auction process; and it is further

**RESOLVED**, that the forms, terms and provisions of the Stalking Horse Purchase Agreement are hereby authorized and approved in all respects; and it is further

**RESOLVED**, that the Authorized Officer is hereby authorized, directed and empowered, in the name and on behalf of each Company, to execute and file on behalf of each Company all schedules, lists, and other motions, papers or documents, and any other agreements or amendments related thereto or

required thereby in respect of the sale of certain or all of the assets of each Company pursuant to section 363 of the Bankruptcy Code or otherwise; and it is further

**RESOLVED**, that the Authorized Officer is hereby authorized, directed and empowered, in the name and on behalf of each Company, to execute and deliver any and all instruments, papers and documents and to do all other acts that they may deem convenient or proper to effectuate the purpose and intent hereof; and it is further

**RESOLVED**, that the Independent Manager hereby determines that the consideration to be received for the sale of each Company's assets under the Stalking Horse Purchase Agreement, subject to any higher or better bids received, is deemed adequate, and that such approval, execution, delivery and performance is deemed valid.

**GENERAL AUTHORIZATION AND RATIFICATION**

**BE IT FURTHER RESOLVED**, that the Authorized Officer is authorized and directed, in the name and on behalf of each Company, consistent with these Resolutions and with the advice of counsel to each Company: (i) to negotiate, execute, deliver, certify, file and/or record, and perform, any and all of the agreements, documents, and instruments referenced herein, and such other agreements, documents, and instruments relating thereto and assignments thereof as may be required or as such Authorized Officer deems appropriate or advisable, or to cause the negotiation, execution, and delivery thereof, as the case may be, in such form and substance as such Authorized Officer may approve, together with such changes and amendments to any of the terms and conditions thereof as such Authorized Officer may approve; (ii) to negotiate, execute, deliver, certify, file or record, and perform any agreements, documents, certificates, consents, filings, and applications relating to the Resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such Authorized Officer deems appropriate or advisable in connection therewith; and (iii) to do such other things as may be required, or as may in such Authorized Officer's judgment be necessary, proper, or desirable, to carry out the intent and effectuate the purposes of the Resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby; and it is further

**RESOLVED**, that the Authorized Officer is empowered, authorized and directed, in the name and on behalf of each Company, to take or cause to be taken any and all such further actions, to execute and deliver or cause to be executed and delivered all such contracts, documents, instruments and agreements providing for the engagement, retention, compensation, reimbursement or expenses and indemnification of any legal counsel, accounting firm, or other such consultants, advisors and other agents, to incur and pay all such fees and expenses and to retain any such legal counsel, accounting firm, or other such consultants, advisors and other agents, in each case as they shall in their judgment determine to be necessary, desirable or advisable to carry out fully the intent and purpose of the foregoing Resolutions and the execution by such Authorized Officer of any such document, instrument or agreement or the payment of any such expenses or the doing by them of any act in connection with the foregoing matters shall conclusively establish their authority therefor and the approval of the documents, instruments or agreements so executed, the expenses so paid and the actions so taken; and it is further

**RESOLVED**, that any person dealing with the Authorized Officer in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Officer and by his or her execution of any document or agreement, the same shall be a valid and binding obligation of each Company enforceable in accordance with its terms; and it is further

**RESOLVED**, that the authority given in these Resolutions is retroactive and any and all actions heretofore or hereafter taken by the Authorized Officer within the terms of any of the foregoing Resolutions are ratified, confirmed, and approved in all respects as the acts and deeds of each Company; and it is further

**RESOLVED**, that each Company shall indemnify, defend and hold harmless, to the fullest extent permitted by Delaware Limited Liability Company or Texas Business Organizations Code, as applicable, and the applicable Operating Agreement, the Authorized Officer with respect to any legal, equitable or administrative claim of any kind whatsoever against such Authorized Officer in connection with, arising from or related to any actions taken by such Authorized Officer in connection with the foregoing Resolutions.

**IN WITNESS WHEREOF**, the undersigned has executed this consent as of the date first set forth above.

        **ALEON METALS, LLC**

        *DocuSigned by: [signature] 8AC0993B4F4E4F3...*

        Timothy R. Pohl
        Independent Manager

        **ALEON RENEWABLE METALS, LLC**

        *DocuSigned by: [signature] 8AC0993B4F4E4F3...*

        Timothy R. Pohl
        Independent Manager

        **GLADIEUX METALS RECYCLING, LLC**

        *DocuSigned by: [signature] 8AC0993B4F4E4F3...*

        Timothy R. Pohl
        Independent Manager